09-4398-ag
Sidibe v. Holder

BIA
A073 574 512

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand ten.

PRESENT:
        DENNIS JACOBS,
                *Chief Judge,*
        JON O. NEWMAN,
        GERARD E. LYNCH,
                *Circuit Judges.*

_____

ADAMA SIDIBE,
        *Petitioner,*

        v.                                          09-4398-ag
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Randall L. Johnson, Arlington, Virginia.

FOR RESPONDENT:        Tony West, Assistant Attorney General; William C. Peachey, Assistant Director; Rebecca Hoffberg, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Adama Sidibe, a native and citizen of the Republic of Mali, seeks review of a September 24, 2009, order of the BIA denying his motion to reconsider its January 26, 2009, order denying as untimely his motion to reopen. *In re Adama Sidibe*, No. A073 574 512 (B.I.A. Sept. 24, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006).

## I. Ineffective Assistance of Counsel

As he argued in his motion to reconsider, Sidibe argues here that the BIA abused its discretion in declining to equitably toll the filing deadline for his August 2008 motion to reopen, in which he alleged the ineffective assistance of his prior counsel. We are not persuaded. Sidibe's August 2008 motion to reopen was indisputably untimely, having been filed twelve years after the IJ's August 1996 *in absentia* deportation order, well outside the ninety day period for filing motions to reopen and the 180 day period for filing motions to rescind the IJ's *in absentia*

-2-

deportation order based on exceptional circumstances.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2); *see also* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1).

We have recognized that equitable tolling of the time period for filing motions based on ineffective assistance of counsel may sometimes be available. *See Rashid v. Mukasey*, 533 F.3d 127, 130-32 (2d Cir. 2008)(finding that, in order to warrant equitable tolling, an alien is required to demonstrate "due diligence" in pursuing his claims during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed"); *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

Here, the BIA did not abuse its discretion in determining that Sidibe failed to demonstrate that he exercised due diligence. Sidibe waited nearly three and one-half years after the BIA's February 2005 denial of his appeal-the time at which his prior counsel's purported ineffectiveness should have reasonably become apparent-to file his August 2008 motion to reopen alleging ineffective assistance of counsel. *See id.* Sidibe's explanations for his delay are unavailing.  Even if we were to credit Sidibe's argument that he did not receive the BIA's February 2005 decision,

the BIA did not err in finding that he failed to demonstrate that he exercised due diligence when he waited more than two years after retaining new counsel in May 2006, and seven months after obtaining the record of proceedings, to file his August 2008 motion. *See id.* Accordingly, we deny the petition for review to this extent.

## II. Adjustment of Status Eligibility

Given the untimely filing of Sidibe's August 2008 motion to reopen, 8 C.F.R. § 1003.2(c)(2), the BIA did not abuse its discretion in determining that his eligibility to adjust status based on an approved I-130 petition did not excuse the untimely filing of his motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009). Moreover, we lack jurisdiction to consider the BIA's decision not to reopen his proceedings *sua sponte* based on his eligibility to adjust status, and we therefore dismiss his petition for review to the extent that it challenges this determination. *See Azmond Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

## III. Rescission of *In Absentia* Deportation Order

Sidibe also asserts that the BIA abused its discretion in failing to consider his argument that he was deprived of a reasonable opportunity to challenge the validity of the IJ's *in*

-4-

*absentia* deportation order.  However, because Sidibe never raised such an argument in his motion to reconsider, the BIA did not abuse its discretion by failing to consider it, and we deny the petition for review to this extent.  *See Sukhraj Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk